IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEVON TYRONE EVANS,

                ORDER

                Plaintiff,

                20-cv-860-bbc

      v.

ERIC HANSEN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Devon Tyrone Evans is proceeding on a Fourth Amendment excessive force claim against defendant Eric Hanson, a police officer with the Menomonee Falls Police Department. Now before the court are plaintiff's motion to amend his complaint, dkt. #16, and motion to suppress evidence. Dkt. #21.

In his motion to amend, plaintiff requests that the State of Wisconsin and the Village of Menomonee Falls be added as defendants on the ground that these entities employed defendant. However, the state cannot be sued for constitutional violations under 42 U.S.C. § 1983, which is the statute under which plaintiff is proceeding in this case. Will v. Michigan Department of State Police, 491 U.S. 58, 67 (1989) (only "persons" may be sued under § 1983); Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012). In addition, the Eleventh Amendment bars suits by private citizens against a state entity in federal court. Will, 491 U.S. at 64.

As for the Village of Menomonee Falls, the village cannot be sued solely because it employed defendant. To be held liable under § 1983, a defendant must have personally

1

participated in, or have been directly responsible for, the constitutional deprivation. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018).  A municipality can be held responsible for a constitutional violation only if the alleged violation was caused by:  (1) an official policy adopted and promulgated by the entity's officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority.  Thomas v. Cook County Sheriff's Department, 604 F.3d 293, 303 (7th Cir. 2010) (citing Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978)).  Plaintiff's allegations do not suggest that the village was responsible for defendant's alleged use of excessive force against plaintiff. Therefore, plaintiff's motion to amend his complaint will be denied.

In his motion to suppress, plaintiff says that the court should suppress a statement he made to the police because he did not give the statement knowingly, willingly or intelligently.  I will deny this motion as well.  Motions to suppress are filed in criminal cases, not civil cases, and it is not clear what statement plaintiff is referring to in his motion.  No statements or other evidence have been introduced in this case yet. If plaintiff thinks that specific evidence should not be admitted at summary judgment or trial, he may file a motion addressing the evidence at the appropriate time.

ORDER

IT IS ORDERED that plaintiff Devon Tyrone Evans' motion to amend his complaint, dkt. #16, and motion to suppress, dkt. #21, are DENIED.

Entered this 9th day of February, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3